LESLIE H. FAWKES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21992.   Promulgated January 26, 1932.

*Clarence T. Lowell, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has asserted deficiencies for the years 1922 and 1923 in the respective amounts of $280.16 and $5,587.38. As his causes of action the petitioner alleges that losses which he sustained in his business in 1922 and 1923 in the respective amounts of $36,539.02 and $22,385.41 have not been allowed as deductions from gross income in such years as provided by law.

The petitioner is a resident of Minneapolis, Minnesota, where he has been engaged in selling automobiles since the year 1900. In 1920 he incorporated his business as the Fawkes Auto Company. Until about 1914 he was distributing agent for the Reo car.

In 1913 Bohn E. Fawkes, stepson or adopted son, was through college and began to work for petitioner. Shortly thereafter petitioner and his stepson decided to obtain the agency for the Oldsmobile car. As the Reo Company objected to its agents handling other cars of like price class, the new agency was acquired in the name of Bohn E. Fawkes who, thereafter, maintained a separate place of business in his own name. Petitioner and his wife personally guaranteed a line of bank credit for the new business in the amount of $200,000.

The agency established for the sale of the Oldsmobile was quite prosperous for a good many years. Bohn E. Fawkes from the first reported the income therefrom as his own and paid the income and excess-profits taxes thereon down to and including the year 1923. Some time after 1923 a tax consultant examined the books of the petitioner and the Bohn E. Fawkes business and advised that for the years 1922 and 1923 income-tax returns should be made on the theory that the petitioner was then the owner of both. The consultant eventually abandoned the case. In 1926, apparently in conformity with the advice of the self-confessed tax expert, Bohn E. Fawkes filed amended individual income-tax returns for the years 1922 and 1923, in which, for the first time, he excluded the results of the operation of the automobile agency that was operated in his name. In each of his original returns, beginning in 1917, he deducted salary for himself from the gross income reported at the rate of $7,500 per

annum. In the years 1917 to 1921, inclusive, such deduction was an element in the computation of his excess-profits tax and materially reduced his tax liability. In his original individual income-tax returns for the taxable years 1922 and 1923 the petitioner claimed no deductions on account of losses sustained by the business conducted by Bohn E. Fawkes or for bad debts on account of cash advanced to such business. He now claims that the Bohn E. Fawkes business was his property and that for the years 1922 and 1923 he is entitled to deduct the losses thereof from his gross income in the respective amounts of $36,539.02 and $22,385.41. As an alternative contention, in the event that the Board finds that he was not the owner of the Bohn E. Fawkes Agency, he claims the right to deduct the amounts in controversy as bad debts.

On May 18, 1923, the petitioner, as the plaintiff, testified in a suit in the District Court for the Fourth Judicial Circuit of Minnesota as follows:

Q. Now, Mr. Fawkes, have you any interest, pecuniary interest, in the profits of the business of Bohn E. Fawkes?

A. I have no interest in the business, never have had from the day he started in business and handled the Oldsmobile. I would be glad if they could pay somebody to prove that was the case, as I might save some income tax on rebate.

On the record herein, we are unable to sustain any of the contentions of the petitioner. The Bohn E. Fawkes business, which he now claims was his own from the date of its initiation, reported income as a separate taxable entity for ten years and settled its tax liabilities as such. The period during which every one in interest here now contends that there was no separate business covered the high-tax years incident to the great war and included the entire period in which excess and war-profits taxes were imposed. Down to the taxable years the automobile agencies conducted by Leslie H. Fawkes and Bohn E. Fawkes were both prosperous and it was greatly to their advantage to report their respective incomes separately and thereby get the benefit of lower rates on the divided income. Likewise, it would be very helpful to the petitioner if the separate entities of the two concerns could be ignored in 1922 and 1923, since such procedure would result in substantial refunds to him for those years. It is true, of course, that if the petitioner should prevail as to his main contention his tax liabilities for the years prior to 1922 would be increased, but to him this is not material. It is now impossible to go back to the war and excess-profits-tax years and merge the two separately reported incomes and determine tax liability on the basis now claimed for 1922 and 1923, since the statute of limitations has tolled all tax liabilities of both father and son for all such years.

368

Taxpayers should not be barred from correcting any mistakes in their returns upon sound proof of the basis of their claims, but the administration of the taxing statutes requires a prompt adjudication of such matters. In the instant proceeding, however, more than 10 years elapsed before the alleged mistake was discovered and during all that time the petitioner profited from his decision that the two automobile agencies were separate business concerns. We see no reason now for questioning the decision of the petitioner made when the Bohn E. Fawkes business filed its first return as a taxable entity. In our opinion no mistake was made when separate returns were filed and, therefore, there is no error to be corrected. It is apparent that this petitioner was nudged into this proceeding by a tax consultant who hoped to share in resulting refunds, but later abandoned the case. To allow such a claim in the circumstances herein would make a farce of the statutes of Congress and render the collection of the public revenues unreasonably costly and difficult.

There is no proof in support of the petitioner's second contention other than at times substantial amounts were advanced. We are unable to determine whether such advances were made by the petitioner or the Fawkes Auto Corporation, or whether they were loans or gifts to the Bohn E. Fawkes business. If they were loans we do not know when or to what extent they became worthless and were charged off the petitioner's books.

*Decision will be entered for the respondent.*